IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROBERT BARGUIARENA | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 1:24-cv-887-Dll |
| | § | |
| MACKIE WOLF ZIENTZ & MANN, P.C. | § | |
| & PENTAGON FEDERAL UNION | § | |
| (Penfed), | § | |
| | § | |
| **Defendants.** | | |

**DEFENDANT'S MOTION FOR ATTORNEY'S FEES**

COMES NOW Pentagon Federal Credit Union (incorrectly named as Pentagon Federal Union ("PenFed" or "Defendant") and files its Motion for Attorney's Fees (the "Motion") and respectfully shows as follows:

**A.  Background**

1.      On June 18, 2024, Plaintiff Robert Barguiarena ("Plaintiff") filed suit in the 98th Judicial District Court of Travis County, Texas, under Cause No. D-1-GN-24-003784 styled *Robert Barguiarena v. Mackie Wolf Zientz & Mann, P.C. & Pentagon Federal Union* ("Lawsuit) asserting breach of duty and violation of Texas ethics rules by PenFed's foreclosure counsel, Mackie Wolf Zientz & Mann PC ("MWZM").

2.       On August 6, 2024, Defendant Pentagon Federal Credit Union removed the lawsuit to the United States District Court for the Western District of Texas, Austin Division under Civil Action No. 1:24-cv-887-DH. [Doc. 1]. Defendant filed its answer to the Complaint on August 13, 2024. [Doc. 4]. That same day, PenFed filed its Counterclaim against Plaintiff

asserting a claim for breach of contract and seeking an order allowing foreclosure of the Property at issue in this case.  [Doc 5].

3.    On April 29, 2025, Plaintiff filed his Motion for Summary Judgment [Doc. 20]. Defendant filed its Motion for Summary Judgment on April 30, 2025 [Doc. 18].  Defendant filed its Response to Plaintiff's Motion for Summary Judgment on May 13, 2025 [Doc. 23].

4.    On November 14, 2025, the Court granted PenFed's Motion for Summary Judgment, dismissed Plaintiff's claims, granted PenFed's counterclaim for foreclosure, and ordered that PenFed's costs, expenses and attorney's fees be added as a charge to the balance of the loan agreement. [Doc. 31]. The Court ordered PenFed to submit its fees and costs via post-judgment motion pursuant to Fed. R. Civ. P. 54. PenFed files this motion in compliance with the Court's November 14th order.

### B.    Arguments and Authorities

5.  In support of Defendant's Motion, Defendant relies on the following evidence:

**Exhibit A**:    Declaration of Crystal G. Gibson

    **Exhibit A-1**:  Curriculum Vitae

    **Exhibit A-2**:  Billing Statements

**Exhibit B:**    State Bar of Texas 2015 Hourly Fact Sheet

**Exhibit C**:    State Bar of Texas 2020 Paralegal Compensation Survey

6.    Defendant requests the Court take judicial notice of **Exhibits B** and **C**. *See Peterson v. Tenant Tracker, Inc.,* No. 6:20-cv-00588-JDK, 2021 U.S. Dist. LEXIS 204833, at *7 (E.D. Tex. Sept. 30, 2021) (citing *Geophysical Serv. C. TGS-Nopec Geophysical Co.,* No. H-14-1368, 2020 U.S. Dist. LEXIS 27865, at *25 (S.D. Tex. Feb. 19, 2020)) (taking judicial notice of the Fact Sheet); *see also Johnson v. Callanen,* 2024 U.S. Dist. LEXIS 48039, at *11 (W.D. Tex. Mar. 18, 2024) (citing *Villareal v. Saenz,* No. SA-20-CV-571-OLG, 2023 U.S. Dist. LEXIS

72983, 2023 WL 3069399 (W.D. Tex. Jan. 11, 2023)) (taking judicial notice of Texas State Bar surveys in setting a reasonable hourly rate).

7.    Defendant seeks reasonable and necessary attorneys' fees in the amount of $11,484.00 and paralegal fees in the amount of $3,920.00, which Defendant incurred during the defense and prosecution of this action to enforce its interest in the property made the basis of its counterclaim. *See* **Exhibit A**.

8.    In support of Defendant's Motion, a true and correct redacted copy of Defendant's counsel Mackie Wolfe Zientz & Mann, P.C.'s ("MWZM") itemized billing statements that detail the work completed by MWZM's attorneys and paralegals are attached as **Exhibit A-2.** The MWZM billing statements include the names of each MWZM attorney and paralegal who performed work on the case, the date the work was performed, the hourly rate for each attorney and paralegal who worked on the case, and the amount of time billed for the work performed. *See* **Exhibit A-2**.

a.    *Attorney's Fees*

9.    The following sets forth the name of each MWZM attorney who performed work on the case, each attorney's experience level, the amount of hours the attorney billed, and the hourly rate charged:

| Name | Attorney Level | Years' Experience | Hours | Rate | Total |
|---|---|---|---|---|---|
| Crystal G. Gibson | Senior attorney | 25 | 35.1 | $330.00 | $11,583.00 |
| **Total** | | | **35.1** | | **$11,583.00** |

10.    Defendant contends that the median hourly rate of $330.00 is a reasonable rate for attorneys practicing creditor-debtor law in Central Texas. *See* **Exhibit A.** In support of its

position, Defendant relies on the State Bar of Texas 2015 Hourly Fact Sheet (the "Fact Sheet") attached as **Exhibit B** as guidance on prevailing rates in the community for similar services. *See Peterson v. Tenant Tracker, Inc.,* No. 6:20-CV-00588-JDK, 2021 U.S. Dist. LEXIS 204833, 2021 WL 4956244 (E.D. Texas Sept. 30, 2021) (citing *Stanton v. Jarvis Christian Coll.,* No. 6:18-CV-479-JDK-JDL, 2020 U.S. Dist. LEXIS 163453, 2020 WL 5269439, at *6 (E.D. Tex. Aug. 27, 2020) (applying the Fact Sheet for guidance on prevailing rates): *Alvarez v. McCarthy*, No. 20-50465, 2022 WL 822178, at *9 (5th Cir. Mar. 18, 2022) (affirming district court's reliance on Fact Sheet for reasonable hourly fee of attorneys in Texas); *Geophysical Serv., Inc. v. TGS-NOPEC Geophysical Co.*, No. H-14-1368, 2020 WL 821879, at *25 (S.D. Tex. Feb. 19, 2020) (taking judicial notice of the Fact Sheet); *Virtual Chart Sols. I, Inc. v. Meredith,* No. 4:17-cv-546, 2020 U.S. Dist. LEXIS 32623, 2020 WL 1902530, at *19 (E.D. Tex. Jan. 13, 2020 (accepting rates supported by Fact Sheet); *Leal v. All-City Trailer Repair, L.P.,* No. 3:16-cv-03274, 2018 U.S. Dist. LEXIS 174048, 2018 WL 4913786, at *2 (N.D. Tex. Oct. 10, 2018) (comparing rate to Fact Sheet).

11.    According to the Fact Sheet, the applicable median rate is $265.00 for creditor-debtor litigation in the Dallas-Ft. Worth-Arlington area. *Id.,* at P. 9. The Fact Sheet reports a median hourly rate of $300.00 for an attorney practicing in the Dallas-Ft. Worth-Arlington area with 21-25 years' experience practicing in Dallas-Ft. Worth-Arlington in 2015. *Id.* Lastly, the Fact Sheet shows a median hourly rate of $350 for attorneys with over 25 years' experience practicing in the Dallas-Ft. Worth-Arlington area. *Id.*

12.    Moreover, this lawsuit was filed on June 18, 2024. Judgment was entered on November 14, 2025, with an order for Defendant to file its attorney fees and costs no later than November 28, 2025. As such, additional work has continued through the date of this pleading.

[Doc. 31]. Accordingly, Defendant's counsel performed work in years 2024 and 2025. Adjusting the 2015 hourly attorney rates of $217.00, $300.00, and $350.00 for inflation, Defendant contends the reasonable hourly rate of Defendant's senior attorneys with 21-25 years' experience is between $369.98 and $413.82 and its senior attorneys with over 25 years' experience is between $431.64 and $482.79. *See Peterson v. Tenant Tracker, Inc.,* 2021 U.S. Dist. LEXIS 204833, at \*9 and FN 2 (citing *Prices for Legal Services, 2015-2023,* Official Data Found, https://officialdata.org/Legal-services/price-inflation/2015-to-2023). Lastly, if you adjust the median hourly rate of $265.00 for creditor-debtor litigation in the Dallas-Ft. Worth-Arlington, the reasonable rate for this type of work would be $369.93 for work performed in 2024. *Id.*

13.     Based on the Fact Sheet and the adjusted hourly rates discussed above, the $330.00 hourly attorney rate billed in this case is below that of the adjusted median hourly rate for creditor-debtor litigation in the Dallas-Ft. Worth-Arlington area.  As such, the $330.00 hourly rate is a reasonable rate for similar services by lawyers of reasonably comparable skill, experience and reputation. *See* **Exhibits A, A-1, A-2** and **B**.

14.     Finally, the billing statements attached as **Exhibit A-2** support the reasonableness of the amount of time performed by each MWZM attorney. For these reasons, Defendant is entitled to an award of its reasonable attorneys' fees totaling $11,583.00.

b.     *Paralegal's Fees*

15.     The following sets forth the name of each MWZM paralegal who performed work on the case, the paralegal's experience level, the hours billed by that paralegal, and the hourly rate charged:

| Name | Years' Experience | Hours | Rate | Total |
|---|---|---|---|---|
| Alma Cruz | 5 | 0.60 | $100.00 | $60.00 |

| Kristie Moore | 20 | 0.40 | $100.00 | $40.00 |
|---|---|---|---|---|
| Susan Taplin | Over 25 | 37.30 | $100.00 | $3,730.00 |
| **Total** | | **39.20** | | **$3,920.00** |

16.     Defendant contends that the hourly rate of $100.00 is a reasonable rate for paralegals practicing creditor-debtor law in North Texas. *See* **Exhibit A.** In support of its position, Defendant relies on the State Bar of Texas 2020 Paralegal Compensation Survey (the "Compensation Survey") attached as **Exhibit C**. *See Thompson v. Cap. Link Mgmt., LLC*, No. 4:21-cv-3130, 2024 WL 666119, at *3 (S.D. Tex. Jan. 31, 2024), *report and recommendation adopted*, No. 4:21-cv-03130, 2024 WL 665191 (S.D. Tex. Feb. 16, 2024); *Stanton v. Jarvis Christian Coll.*, No. 6:18-cv-479-JDK-JDL, 2020 WL 5269439, at *16 (E.D. Tex. Aug. 27, 2020); *Fairmont Specialty Ins. Co. v. Apodaca*, 234 F. Supp. 3d 843, 853 (S.D. Tex. 2017) (stating that a court utilizes the same method for determining the reasonable hourly rate of a paralegal as it does for attorneys); *see also Winston v. State Farm Lloyds*, No. SA-20-cv-00515-JKP, 2022 U.S. Dist. LEXIS 143322 (W.D. Tex. Aug. 11, 2022, no pet.) (applying the Compensation Survey for guidance of prevailing rates). This Court may use the Compensation Survey as evidence of rates actually billed and paid for similar work, as a survey of typical paralegal's fees by this practice area and the State of Texas. *See Thompson,* 2024 WL 666119, at *3.

17.     According to the Compensation Survey, the median hourly rate for paralegals in 2019 was $123.00. *Id.* Additionally, adjusting the 2019 rate of $123.00 for inflation, Plaintiff contends the reasonable hourly rate of MWZM's paralegals for the period that the work was performed is between $151.69 and $169.67. *See Peterson,* 2021 U.S. Dist. LEXIS 204833, at *9.

18.    Defendant contends that the $100.00 hourly paralegal rate billed in this case is a reasonable hourly rate because the hourly rate billed between 2024 and 2025 is below both that of the 2019 hourly rate of $123.00 published in the Compensation Survey and the adjusted inflation rates. *See* **Exhibits A, A-2** and **C**. Accordingly, the paralegal hourly rate of $100.00 for work completed between 2024 and 2025 is a reasonable hourly rate, which is based on similar services by paralegals of reasonably comparable skill, experience and reputation. *See* **Exhibit A** and **C.**

19.    Finally, the billing statements attached as **Exhibit A-2** support the reasonableness of the amount of time performed by each MWZM paralegal. For these reasons, Plaintiff is entitled to an award of its reasonable paralegals' fees totaling $3,920.00.

<u>CONCLUSION</u>

WHEREFORE, PREMISES CONSIDERED, Defendant requests the Court award Defendant its reasonable attorneys' fees and paralegals' fees totaling $15,503.00. These fees are to be recovered not as a personal judgment against Plaintiff but as a further obligation secured by the property at issue under the Note and Deed of Trust made the basis of this suit. Defendant also prays for all relief, whether at law or in equity, to which it is justly entitled.

Respectfully submitted,

By: */s/ Crystal G. Gibson*
Crystal G. Gibson
Texas Bar No. 24027322
cgibson@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

*Attorneys for Defendant/Counter-Plaintiff*
*Pentagon Federal Credit Union*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been served on the following via Email on December 1, 2025.

Robert Barguiarena
603 Davis Street, Unit 2204
Austin, Texas  78701
Robbar@gmail.com
*Pro Se Plaintiff*

 */s/ Crystal G. Gibson*
Crystal G. Gibson